Carrel MAYNARD, d/b/a Carrel Maynard & Company, Appellant,

v.

Clinton J. GARBER et al., Appellees.

Court of Appeals of Kentucky.

March 2, 1962.

Rehearing Denied June 15, 1962.

Joe P. Tackett, Edmond H. Tackett, Prestonsburg, for appellant.

C. Kilmer Combs, Prestonsburg, for appellees.

WADDILL, Commissioner.

Appellees, Clinton Garber and his wife, brought this action seeking to recover from appellant the sum of $3,806.90, the balance allegedly due on a debt. Appellant denied that he was indebted to appellees, contending that the sum sought by appellees represented a business expense which was incurred pursuant to a partnership arrangement between them, and by counterclaim sought a settlement of their partnership affairs. Following a trial of the case the court found that the parties had not entered into a partnership, dismissed the counterclaim and held that appellant was justly indebted to appellees in the sum of $1519. The appeal from the judgment accordingly entered raises the question of whether the court erred in finding that a partnership had not existed.

The evidence introduced in appellees' behalf was to the effect that during February, 1959, appellant sought to induce appellees to enter into a partnership concerning the operation of appellant's construction business. Appellees, who were engaged in buying and selling heavy construction equipment, refused to become partners of appellant but they did consent to sell appellant a bulldozer. After appellees had obtained a suitable bulldozer at a cost exceeding $7000, they learned that appellant was in financial difficulty and was unable to pay for it. During their negotiations appellant became ill and appellees advanced money to meet appellant's payroll, and performed other services which were necessary to operate appellant's business and to conserve his credit. When appellant recovered from his illness he refused to reimburse appellees for the expenditures made in his behalf. Thereupon, appellees took possession of the bulldozer and brought this action to recover the money they had advanced in an effort to save appellant's business and also the reasonable rental value of the bulldozer for the period it was used in appellant's business.

The evidence presented in support of appellant's side of the case tended to show that the parties had entered into an oral partnership agreement on February 21, 1959, concerning the operation of appellant's construction business. Shortly thereafter appellant became ill and appellees took charge

of the operation of their business venture. In April, 1959, appellant discovered that appellees had not only reneged on their agreement to furnish certain financial support to the partnership business but had also violated their agreement by withdrawing certain sums of money from the partnership account and had otherwise mismanaged the business so as to seriously damage it.

The evidence tending to prove the existence of a partnership was not so convincing as to establish it as a matter of law. Therefore, the question to be resolved is one of fact. The trial court chose to accept the evidence which supported appellees' side of the case. Since the court's finding is supported by substantial evidence having probative value we will not disturb it.

Judgment affirmed.